# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FERNANDO MENDOZA, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 2:15-cv-239 |
| LIGHTNING FLUID SERVICES, INC., and WILLIAM STARNS, | § § § § | JURY TRIAL DEMANDED |
| **Defendants.** | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### COLLECTIVE ACTION & JURY DEMAND

## SUMMARY

1.  Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2.  Plaintiff Fernando Mendoza, and the employees he seeks to represent ("Class Members"), are current and former salary paid fluid technicians employed by Defendant Lightning Fluid Services Inc., and Defendant William Starns ("Defendants") during any work week three years prior to the time notice is issued.

3. This case implicates Defendants' longstanding policy of knowingly and deliberately failing to compensate Plaintiff and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4. Defendants violated the FLSA in the following manners:

   a. First, Defendants failed to convert Plaintiff's weekly salary into an hourly rate and use such hourly rate to pay them the overtime rate for hours worked in excess of forty (40) in a workweek. This violation is obvious on the face of Plaintiff's Earning Statements.

   b. Second, Defendants failed to pay Plaintiff the overtime rate in any way, Defendants also violated their obligation under the FLSA to include Plaintiff's non-discretionary job bonuses into overtime pay. This violation is also obvious on the face of Plaintiffs' Earning Statements.

   c. Third, Defendants did not keep track of all hours worked by their employees as required by 29 U.S.C. § 211(c).

   d. Fourth, Plaintiff was required to perform certain tasks off the clock, such as preparing for his shift, travel time, and working late to complete his assigned tasks for the day. As Defendants did not keep track of hours worked, this time was not recorded and Plaintiff was not properly compensated.

5. Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff also prays that the class of similarly situated salary-paid manual laborers be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Mendoza is an individual who resides in Hidalgo County, Texas. His written consent form to this action is attached hereto as Exhibit "A."

11. The Class Members are all salary-paid, fluid technicians employed by Defendants at any time during the three years prior to filing of this Complaint up to the present.

12. Defendant Lightning Fluid Services, Inc. ("LFS") is a domestic for-profit corporation organized under the laws of Texas and does business in this state. Defendant may be served process through its registered agent as follows: William H. Starns at 1301 Southwood Street, Alice, Texas 78332.

13. Defendant William Starns is an individual residing in Texas and may be served process at his residence: 1308 Southwood Street, Alice, Texas 78332.

## FLSA COVERAGE

14. At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been enterprises within the meaning of 29 U.S.C. § 203(r).

16. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendants have and continue to have employees engaged in commerce.

17. Defendants have an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

18. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. Fluid technicians are non-exempt employees under the FLSA.

## SUMMARY OF FLSA VIOLATIONS AND RELEVANT FACTS

20. Defendants provide chemical blending services and technical expertise to leading oil and gas operators throughout Texas.

21. Plaintiff and Class Members are employed by the Defendants as fluid technicians.

22. Plaintiff's and Class Members' primary duties consist of making, mixing, and monitoring chemicals at oil and gas drilling sites.

23. Defendants pay their fluid technicians a salary for time worked in the field.

24. Defendants also pay a bonus per day to Plaintiff and Class Members who work at a job site. These bonuses are non-discretionary.

25. Such bonuses are reflected on Plaintiff's Earning Statements.

26. Pursuant to 29 C.F.R. § 778.209, non-discretionary bonuses such as the bonuses paid to Plaintiff and Class Members are required to be included in their regular rate of pay before the overtime rate is applied.

27. Defendants did not follow the guidelines established in 29 C.F.R. § 778.209 pertaining to non-discretionary bonuses.

28. Indeed, Defendants failed to pay any premium for hours worked in excess of forty (40) hours in a workweek to Plaintiff and Class Members. Defendants paid Plaintiff and Class Members only a salary and bonus.

29. Defendants did not track the hours Plaintiff and Class Members worked in order to pay the overtime premium.

30. Plaintiff was required to perform certain tasks off the clock, such as preparing for his shift, traveling to the initial work site and working late to complete his assigned tasks for the day. As Defendants did not keep track of hours worked this time was not recorded and Plaintiff was not properly compensated for all time spent on these tasks.

31. No exemption or other exception to the payment of overtime under the FLSA applies to Plaintiff or Class Members.

## COLLECTIVE ACTION ALLEGATIONS

32. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

33. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

34. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendants as fluid technicians, or in substantially similar positions within three (3) years from the commencement of this action and who are or were classified as exempt.

35. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff since his claims are similar to the claims possessed by Class Members.

36. Plaintiff has actual knowledge that Class Members working for Defendants throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.

37. Plaintiff is similarly situated to the Class Members. Class Members perform or have performed the same or similar work as the Plaintiff.

38. Like Plaintiff, the Class Members were paid only for straight time for all hours worked above 40 each week.

39. The names and addresses of the Class Members of the collective action are discoverable from the Defendants. To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

40. Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

41. The claims of Plaintiff Mendoza and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees.

42. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former fluid technicians employed by Defendants during the three year period before the filing of this complaint up to the present.**

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

43. Plaintiff incorporates the preceding paragraphs by reference.

44. Defendants violated the FLSA by failing to pay Plaintiff and Class Members overtime based on the statutory formula provided in the FLSA.

45. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

46. The Defendants therefore violated and continue to violate the FLSA when they fail to pay Plaintiff and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

47. No exemption provided in the FLSA or recognized by courts authorizes the Defendants to disregard paying overtime to its employees when such overtime is earned.

48. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within

the meaning of 29 U.S.C. § 255(a). Therefore a three year statute of limitations applies to this action and Defendants are liable for liquidated damages.

## DAMAGES SOUGHT

49. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid while performing task off the clock.

50. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

51. Plaintiff and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

52. Plaintiff and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

53. For these reasons, Plaintiff and Class Members respectfully request that judgment to be entered in their favor awarding the following relief:

   a. All unpaid wages;

   b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: */s/ Todd Slobin*
    TODD SLOBIN
    State Bar No. 24002953
    Federal ID No. 22701
    tslobin@eeoc.net
    RICARDO J. PRIETO
    State Bar No. 24062947
    Federal ID No. 1001658
    rprieto@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF
    & CLASS MEMBERS