United States District Court
Southern District of Texas
**ENTERED**
May 25, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO MENDOZA, on behalf Himself and All Others Similarly Situated,<br>    PLAINTIFF<br><br>VS.<br><br>LIGHTNING FLUID SERVICES, INC. and WILLIAM STARNS,<br>    DEFENDANTS | C.A. NO. 2:15-cv-239 |

## ORDER OF DISMISSAL WITH PREJUDICE AND FINAL JUDGMENT

On this day came on to be considered the Parties' Joint Motion to Approve Confidential Settlement and to Dismiss Case with Prejudice. The Parties advise they have settled this lawsuit and the terms of the settlement are confidential.

Plaintiff Fernando Mendoza ("Named Plaintiff") brought this lawsuit on behalf of himself and others similarly situated on June 2, 2015 to recover wages allegedly owed to them by Defendants Lightning Fluid Services, Inc. and William Starns ("Defendants") pursuant to the Fair Labor Standards Act ("FLSA"). (D.E. 1). Following certification of the class and notice, two other Opt-In Claimants, Thomas Duncan and Neri Aaron Pena, expressed the desire to join in this lawsuit by filing a Notice of Consent with this Court. (D.E. 16-1, 24-1) Each Opt-In Claimant authorized the Named Plaintiff to make decisions concerning the litigation on the Opt-In Plaintiff's behalf, and agreed to be bound by the Named Plaintiff's settlement decisions. (*See, e.g.*, D.E. 16-1).

The Parties have notified the Court that they have agreed to a Confidential Settlement Agreement and Release; that Class Counsel has negotiated the settlement;

that Class Counsel and the Named Plaintiff believe the terms of the settlement are fair, reasonable, and in the best interests of the Opt-In Claimants and all putative Class Members who did not opt into this lawsuit, but will be presented with an opportunity to opt into the settlement; that the Named Plaintiff has approved the settlement on behalf of himself, the Opt-In Claimants and all putative Class Members who elect to join in the settlement after being provided written notice of an agreed settlement offer and 60 days to opt in (hereinafter "Electing Claimants"); and that each of the Opt-In Claimants and Electing Claimants will receive a fair and reasonable recovery, even after attorneys' fees and expenses are deducted, given Defendants' significant factual and legal grounds for defending this action, the uncertainty of a favorable judgment, and the inherent delay in recovering damages through litigation, if Plaintiff prevails. In exchange for the consideration given to Named Plaintiff and the Opt-In Claimants, Named Plaintiff and the Opt-In Claimants release Defendants, any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendant, Lightning Fluid Services, Inc., as well as Defendant, William Starns, and any of Defendants' current or former officers, directors, trustees, agents, employees, shareholders, investors, members, representatives, advisors, insurers, attorneys, or employee benefit or welfare program or plan, from any and all claims that were or could have been alleged in this lawsuit arising from or related to the Class Members' alleged entitlement to unpaid wages, overtime, damages, benefits, penalties, attorneys' fees, or costs under the Fair Labor Standards Act. This release includes any claims arising under the Fair Labor Standards Act and all other local, state, or federal laws relating to wage and hour compensation, including wage and hour claims under the common law, statutes, regulations, ordinances, or equitable principles. Any Electing Claimant will also release Defendants accordingly.

The Court finds that the settlement is fair and reasonable. The Court gives final approval to and orders that payments be made to Named Plaintiff, Class Counsel, the Opt-In Claimants, and Electing Claimants in accordance with the terms of the Parties' Settlement Agreements with Named Plaintiff and Opt-In Claimants, and that notice of the option to settle be provided to the putative Class Members in writing and verbally, as the Parties have agreed in the Parties' Settlement Agreement with Named Plaintiff.

It is further ordered that this lawsuit is dismissed with prejudice to refiling same. All costs and attorneys' fees are taxed against the party incurring same.

This is a final order.

Without affecting the finality of this Order in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order.

All other relief not expressly granted is DENIED. Motions pending, if any, are DENIED, and this case is CLOSED.

DATED: 5/25/16, 2016.

Hon. Nelva Gonzales-Ramos
United States District Judge